**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ADC VENTURE 2011-2, LLC,
a Delaware limited liability company,

      Plaintiff,

vs.                                                      CASE NO. 3:11-cv-955-J-32TEM

AMELIA DEVELOPMENT, LLC, a Florida
limited liability company, et al.,

      Defendants.
_____

## **O R D E R**

This case is before the Court on the Motion to Drop Party Defendants Amelia Concourse MSBU Advisory Council, Inc., and David Berkman and Supporting Memorandum (Doc. #27, Motion to Drop Defendants), filed May 1, 2012. Plaintiff ADC Venture 2011-2, LLC, which was recently substituted as the plaintiff in this action (*see* Doc. #23, Court Order), requests the Court grant leave for these Defendants to be dropped from this case because they reportedly no longer have an interest in the real property that is the subject of this litigation. Motion to Drop Defendants at 1-2. Plaintiff avers, "Counsel for ADC has requested and received consent from the defendants." *Id.* at 2.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the language of the *Foman* Court,

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182. This Court finds the Motion to Drop Defendants (Doc. #27) not to be in bad faith, for purposes of delay, or for any suspect reason stated above

Federal Rule of Civil Procedure 21 provides that parties may be dropped by order of the court on motion of any party at any stage of the action. Fed. R. Civ. P. 21. Rule 21 allows the district courts the authority to drop a dispensable non-diverse party at any time. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (citing *Fritz v. American Home Shield Corp.,* 751 F.2d 1152, 1154-55 (11th Cir. 1985)). In the instant case, there is no indication Amelia Concourse MSBU Advisory Council, Inc., or David Berkman, is an indispensable party. In fact, Plaintiff's counsel states it would be "just these defendants be dropped as parties." Motion to Drop Defendants at 2 (internal quote marks omitted).

Thus, upon consideration, it is hereby **ORDERED:**

1. The Motion to Drop Party Defendants Amelia Concourse MSBU Advisory Council, Inc., and David Berkman (Doc. #27) is **GRANTED**.

2. As there have been significant changes to the involved parties in this case since the filing of the original complaint, the Court finds it prudent for an amended complaint to be filed which reflects the changes granted herein and which denotes ADC Venture 2011-2, LLC as the Plaintiff in this litigation. Accordingly, Plaintiff is directed to file an amended complaint in conformance with this order by the close of business on May 18, 2012.

3. Defendants shall file responsive pleadings by June 1, 2012.

4. The granting of this motion shall not serve as the basis for seeking a continuance of any dates previously established in the governance of this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of May, 2012.

Copies to:
All Counsel of Record
*Pro Se* Parties, if any

*[signature: Thomas E. Morris]*
**THOMAS E. MORRIS**
United States Magistrate Judge